## *The final accounting in* FRANCIS SALTUS' *Estate.*

WHERE the Surrogate, in 1857, had ordered one of the executors to "reform his accounts," and the executor appealed, and the remittitur in that appeal came back to the Surrogate's Court after eleven years, an order was made that all the executors account, and a reference made to an auditor, whose reports were confirmed.

Where a litigation, to which a minor should have been a party, was carried on in the Supreme Court and Court of Appeals for eleven years, and the Surrogate discovered the omission on the remittitur, a special guardian was appointed to care for the minor's interests.

TRACY & OLMSTEAD, *for Theodore Saltus.*

G. M. SPEIR *and* E. A. DOOLITTLE, *for Lansing Pruyn.*

C. PRICE, *special guardian for F. S. Saltus.*

ASHLEY, TURNER & KIRKLAND, *for Anna Saltus.*

E. GEBHARD *and* D. A. HULETT, *for F. H. Saltus.*

THE SURROGATE. This most unfortunate estate, which has survived the endeavors of three Surrogates to settle it, has again made its appearance in the Surrogate's Court, and it becomes my duty to attempt a new settlement of the accounts, probably only as a preliminary to a fresh appeal and a further delay on the part of the executors, whose misconduct has produced the devastavit.

The executors who qualified, were Theodore Saltus and Lansing Pruyn, together with Anna Saltus, the executrix. The long contests in this estate have had their origin in a mutual desire to shift and charge each other for the responsibility of its losses.

On the 9th April, 1856, now over thirteen years since,

the executrix and the two executors applied to the Surrogate for a final settlement of their accounts. Citations were issued accordingly to the persons whom they designated in their petition as interested in the estate. But one minor was overlooked, perhaps intentionally on the part of the accountants, certainly by inadvertence on the part of the learned Surrogate at that time administering this office. This minor was Francis S. Saltus, son of Francis H. Saltus, and who will succeed to the life interest of his father on his death. This child is still a minor, yet this entire litigation was carried on for thirteen years in the Supreme Court and Court of Appeals, without a guardian having been appointed to represent his interests.

On the 3d of June, 1856, Theodore Saltus, one of the executors, filed his account, in which the other petitioners did not join. Anna Saltus and Lansing Pruyn filed no accounts whatever. Euphemia M. Saltus, administratrix of Augustus N. Saltus, deceased, filed objections to this account of Theodore Saltus. The then Surrogate took testimony as to the account and the objections, from the 19th December, 1856, to the 25th of April, 1857, and rendered his decision on the 14th November, 1857. Upon this a decree was entered, on the same day, reciting that the executrix and both executors had rendered an account of their proceedings as such executors (which was not the case), and that all persons interested in the estate had been cited (which also was not the case), and that Gabriel Van Cott had been appointed the "special guardian for the infant children and next of kin of said deceased" (Francis S. Saltus being an infant grandson and legatee, and not being represented); and this decree settled certain contested questions, and concluded by ordering and adjudging "that said executors do immediately reform their account now on file, in accordance with the principles of this decree," and that the further distribution of the estate be postponed until the filing of such reformed account.

From this decree, Anna Saltus, as executrix, and

Theodore Saltus, as executor, appealed, and the decree was affirmed by the Supreme Court, on the 7th of February, 1862; the same persons then appealed to the Court of Appeals, and the decree was affirmed by that Court, July, 1867; on the remittitur being filed in the Surrogate's office, an order was made by me on the 28th October, 1867, requiring the executrix and executors to file their accounts; and I appointed Charles Price, Esq., special guardian for the infant, Francis S. Saltus, for the purpose of appearing for him and maintaining his interests on this accounting.

Theodore Saltus, executor, filed a "reformed account," November 11th, 1867; Lansing Pruyn, executor, now petitioned anew for a final accounting, and cited all parties in interest, and his account was also filed November 26th, 1867. Anna Saltus has filed no account. A further account was filed by Theodore Saltus, executor, May 22d, 1868; all these accounts were referred to Thomas Lawrence, Esq., as auditor; the auditor made a first report dated November 26th, 1868, and upon it, counsel for all parties were heard in argument by the Surrogate; the Surrogate, December 16th, 1868, recommitted the account of Lansing Pruyn, executor, to the auditor, for a further report; the auditor reported further upon the account of Pruyn, executor, January 11th, 1869; the auditor also made a supplemental report, correcting certain errors and omissions in his November report, on January 18th, 1869; upon these several reports, counsel have now again been heard; and the whole matter is before the Surrogate for a final settlement and distribution.

The report of the auditor, of the 26th of November, so far as it relates to the accounts of Theodore Saltus, executor, and Anna Saltus, executrix, as modified and amended the supplemental report of January 18th, 1869, is confirmed.

The report of the auditor of the 11th January, 1869, as to the accounts of Lansing Pruyn, executor, is confirmed, with some exceptions, as noted thereon.

A decree will be entered accordingly.